IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:21-CV-00022-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFAULT JUDGMENT OF |
| | ) | FORFEITURE |
| $107,573.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Plaintiff's Motion for Default Judgment [DE 18]. Plaintiff alleges that Defendant is a seizure of $107,573 in United States currency ("USC") from Edwin Joel Ramirez Gonzalez, Junior Rafael Almonte Tejera, and Joel Michael Vasquez, which constitutes "money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of the Controlled Substances Act." Compl. at ¶ 1; Declaration of Task Force Officer Michael C. Ellis, ¶ 6, DE 1-1. According to the declarant in this case, Gonzalez, Tejera, and Vasquez were passengers in a vehicle stopped by law enforcement for speeding and weaving in traffic; when one of the officers approached, he could smell marijuana; the officer's searches of the vehicle and the passengers yielded the currency, which was in large, rubber-banded bundles. Decl. at 3-5. Officer Ellis attested that "[t]he large amount and bundling of USC with rubber bands is common with individuals smuggling USC obtained through criminal activity. This manner of

1

packaging USC is also consistent with previous seizures through investigations and traffic stops of individuals involved in drug trafficking and criminal activity." *Id.* at ¶ 20.

The search also revealed two Apple iPhones (one with a telephone number taped to the back), traces of cocaine, and a "burnt marijuana cigar"; when asked previously whether any drugs were in the vehicle, the passengers all answered in the negative. *Id.* at 12-13. The declarant concluded that "[b]y the large amount of bulk United States currency, plus the manner it was packaged and transported, the inconsistent stories of the vehicle's occupants, and the totality of the circumstances leading up to this point, [the detective on scene] believed that the United States currency located was obtained illegally and would be used for criminal activity." *Id.* at ¶ 77. All three passengers signed receipts for the items seized from the vehicle. *Id.* at ¶¶ 78-86. A "K9" officer alerted to the odor of illegal drugs from the evidence bag which held the USC. *Id.* at ¶¶ 91, 92. The following day, the evidence bag containing the USC was taken to a bank and the currency was counted. *Id.* at 94-100.

It appears from the record that Plaintiff provided direct notice of this *in rem* forfeiture matter to known claimants Tejera, Vasquez, and Gonzalez (DE 6-1, 6-2, 6-3). In fact, Tejera filed letters in March, April, and May 2021 seeking to claim "his" money. *See* DE 9, 10, 11. On May 24, 2021, this court acknowledged the letters and specifically directed Tejera to file a proper claim and answer in accordance with all applicable rules. Order, DE 8. When Tejera failed to do so, Plaintiff filed a motion for entry of default; suspecting that Tejera, who was proceeding pro se, may not have understood the court's previous order, the court denied Plaintiff's motion and provided Tejera another opportunity to file a proper claim and answer. Order, DE 15. Tejera never responded and has filed nothing in the case since June 8, 2021.

In addition to providing direct notice of this action, Plaintiff published the requisite notice on an official internet government forfeiture site in accordance with Rule G(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture (the "Supplemental Rules") (DE 7-1). Accordingly, with due notice having been provided by the United States as required under the Supplemental Rules, the court finds that:

1. The verified Complaint and attached Declaration of Task Force Officer Michael C. Ellis [DE 1, DE 1-1] satisfy the requirements of Fed. R. Civ. P. Supp. R. G(2);

2. Process was duly issued in this cause and the defendant was duly seized by the United States Marshal Service pursuant to said process;

3. No person has filed a proper claim to the Defendant nor any answer to the Plaintiff's Complaint within the time fixed by law and in accordance with the requirements of the Supplemental Rules;

4. On October 7, 2021, this court entered default in this action (DE 17);

5. The present motion was mailed to the known prospective claimants on October 21, 2021 [DE 18], but the court received no response within the time required pursuant to Local Civil Rule 7.1(f)(1); and

6. The well-pled allegations of the Complaint with respect to the Defendant are taken as admitted, as no one has appeared to deny the same.

Based upon the above findings, it is hereby

ORDERED AND ADJUDGED that:

1. The motion is GRANTED and default judgment is entered against the Defendant;

2. All persons claiming any right, title, or interest in or to the Defendant are held in default;

3

3. The Defendant is forfeited to the United States of America for disposition according to law;

4. The United States shall have clear title to the Defendant and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7); and

5. Upon the entry of this judgment, the Clerk of Court is DIRECTED to close this case.

SO ORDERED this 19th day of November, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE